IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

GABRIELA VAZQUEZ,

    Plaintiff,

v.                                Case No. 3:20-cv-00073-GEC

GREENE COUNTY SCHOOL BOARD,

    Defendant.

## ANSWER

NOW COMES the Defendant, Greene County School Board ("School Board"), by counsel, and for its Answer to Plaintiff's Complaint, hereby denies that it violated Title IX of the Education Amendments Act of 1972 ("Title IX") and Title VI of the Civil Rights Act of 1964 ("Title VI"), and that Plaintiff was subjected to discrimination or retaliation, and further denies that it is liable to Plaintiff in any way, and further states as follows:

**I.    SUMMARY OF ACTION**

1.    In answer to paragraph 1 of the Complaint, the School Board avers that while Plaintiff has attempted to state a cause of action under Title IX and Title VI, the School Board specifically denies that it violated Title IX or Title VI, and denies that Plaintiff was harassed, retaliated, or discriminated against in any way.

2.    In answer to paragraph 2 of the Complaint, the School Board avers that while Plaintiff has attempted to state a cause of action under Title IX, the School Board specifically denies that it violated Title IX, and denies that Plaintiff was harassed, retaliated, or discriminated against in any way.

3.      In answer to paragraph 3 of the Complaint, the School Board avers that while Plaintiff has attempted to state a cause of action under Title IX, the School Board specifically denies that it violated Title IX, denies that Plaintiff was harassed, retaliated, or discriminated against in any way, and denies the remaining allegations contained therein.

4.      In answer to paragraph 4 of the Complaint, the School Board avers that the Plaintiff merely asserts legal conclusions to which no response is required.  To the extent an answer is required, the School Board avers that it complied with Title IX.

5.      In answer to paragraph 5 of the Complaint, the School Board avers that the Plaintiff merely asserts legal conclusions to which no response is required.  To the extent an answer is required, the School Board denies that it violated Title IX or that the Plaintiff was subject to retaliation in any way.

6.      In answer to paragraph 6 of the Complaint, the School Board avers that the Plaintiff merely asserts legal conclusions to which no response is required.  To the extent an answer is required, the School Board denies that it violated Title IX or that the Plaintiff was subject to discrimination in any way.

7.      In answer to paragraph 7 of the Complaint, the School Board avers that the Plaintiff merely asserts legal conclusions to which no response is required.  To the extent an answer is required, the School Board denies that it violated Title IX.

8.      In answer to paragraph 8 of the Complaint, the School Board denies the allegations contained therein.

9.      In answer to paragraph 9 of the Complaint, the School Board admits that Plaintiff seeks relief, but denies that it violated Title IX and further denies that Plaintiff is entitled to the relief requested or any relief.

10.     In answer to paragraph 10 of the Complaint, the School Board specifically denies that it violated Title VI, denies that Plaintiff was harassed, retaliated, or discriminated against in any way, and denies the remaining allegations in the manner and form alleged.

11.     In answer to paragraph 11 of the Complaint, the School Board admits that Plaintiff seeks relief, but denies that it violated Title VI and further denies that Plaintiff is entitled to the relief requested or any relief.

## II.     JURISDICTION AND VENUE

12.     In answer to paragraph 12 of the Complaint, the School Board admits that this Court has jurisdiction over this matter.  The School Board denies that it took any acts that give rise to a claim on behalf of Plaintiff.

13.     In answer to paragraph 13 of the Complaint, the School Board admits that venue is proper in this Court.  The School Board denies that it took any acts that give rise to a claim on behalf of Plaintiff.

14.     In answer to paragraph 14 of the Complaint, the School Board admits that this Court has jurisdiction over this matter.  The School Board denies that it took any acts that give rise to a claim on behalf of Plaintiff.

## III.     PARTIES

15.     In answer to paragraph 15 of the Complaint, the School Board admits that Plaintiff is Latina, a resident of Virginia, attended classes at William Monroe High School in Greene County from the 2016/2017 school year until May 2019, that she is a 2020 graduate of William Monroe High School, and that she attended classes at Piedmont Virginia Community College during her senior year.  The School Board is without sufficient information to admit or

deny the remaining allegations contained in paragraph 15 of the Complaint and therefore denies them.

16.     In answer to paragraph 16 of the Complaint, the School Board admits that, pursuant to Virginia Code § 22.1-71, the School Board is a body corporate and operates the Greene County public school system.  The School Board further admits that it is a recipient of federal funds for the purposes to Title IX and Title VI, and that, pursuant to Virginia Code § 22.1-28, it is charged with the supervision of each school in its Division.   The School Board denies any and all remaining allegations contained in paragraph 16 of the Complaint.

## IV.   FACTUAL ALLEGATIONS

## A.   Background

17.     In answer to paragraph 17 of the Complaint, the School Board admits the allegations contained therein.

18.     In answer to paragraph 18 of the Complaint, the School Board admits the allegations contained therein.

19.     In answer to paragraph 19 of the Complaint, the School Board avers that the Plaintiff merely asserts legal conclusions to which no response is required.  To the extent a response is required, the School Board denies the allegations contained in paragraph 19 of the Complaint in the manner and form alleged.

20.     In answer to paragraph 20 of the Complaint, the School Board avers that the Plaintiff merely asserts legal conclusions to which no response is required.  To the extent a response is required, the School Board denies the allegations contained in paragraph 20 of the Complaint in the manner and form alleged, and specifically denies that the Plaintiff was subject to sex discrimination.

**B.**     **Sexual Harassment and Retaliation**

21.     In answer to paragraph 21 of the Complaint, the School Board is without sufficient information to admit or deny the allegations contained therein and therefore denies the allegations in the manner and form alleged.

22.     In answer to paragraph 22 of the Complaint, the School Board admits the allegations contained therein.

23.     In answer to paragraph 23 of the Complaint, the School Board is without sufficient information to admit or deny the allegations contained therein and therefore denies the allegations in the manner and form alleged.

24.     In answer to paragraph 24 of the Complaint, the School Board is without sufficient information to admit or deny the allegations contained therein and therefore denies the allegations in the manner and form alleged.

25.     In answer to paragraph 25 of the Complaint, the School Board is without sufficient information to admit or deny the allegations contained therein and therefore denies the allegations in the manner and form alleged.

26.     In answer to paragraph 26 of the Complaint, the School Board is without sufficient information to admit or deny the allegations contained therein and therefore denies the allegations in the manner and form alleged.  The School Board further avers that Plaintiff did not communicate to any employees of the School Board the allegations contained therein.

27.     In answer to paragraph 27 of the Complaint, the School Board is without sufficient information to admit or deny the allegations contained therein and therefore denies the allegations in the manner and form alleged.  The School Board further avers that Plaintiff did not communicate to any employees of the School Board the allegations contained therein.

28.     In answer to paragraph 28 of the Complaint, the School Board is without sufficient information to admit or deny the allegations contained therein and therefore denies the allegations in the manner and form alleged.  The School Board further avers that Plaintiff did not communicate to any employees of the School Board the allegations contained therein, and specifically avers that Plaintiff stated that no sexual intercourse took place.

29.     In answer to paragraph 29 of the Complaint, the School Board is without sufficient information to admit or deny the allegations contained therein and therefore denies the allegations in the manner and form alleged.  The School Board further avers that Plaintiff did not communicate to any employees of the School Board the allegations contained therein.

30.     In answer to paragraph 30 of the Complaint, the School Board is without sufficient information to admit or deny the allegations contained therein and therefore denies the allegations in the manner and form alleged.  The School Board further avers that Plaintiff did not communicate to any employees of the School Board the allegations contained therein, and instead stated that she did not try to push the male student away.

31.     In answer to paragraph 31 of the Complaint, the School Board admits that there are security cameras that monitor portions of the stairwell, but denies that the security cameras captured the alleged assault.  The School Board denies any and all remaining allegations contained in paragraph 31 of the Complaint in the manner and form alleged.

32.     In answer to paragraph 32 of the Complaint, the School Board is without sufficient information to admit or deny the allegations contained therein and therefore denies the allegations in the manner and form alleged.

33.     In answer to paragraph 33 of the Complaint, the School Board is without sufficient information to admit or deny the allegations contained therein and therefore denies the

allegations in the manner and form alleged.  However, the School Board admits that it was not aware of the alleged assault until November 30, 2018.

34.    In answer to paragraph 34 of the Complaint, the School Board admits, upon information and belief, that Plaintiff and the male student messaged one another via Snapchat after the encounter on September 11, 2018.  The School Board denies the remaining allegations contained therein.

35.    In answer to paragraph 35 of the Complaint, the School Board is without sufficient information to admit or deny the allegations contained therein and therefore denies the allegations in the manner and form alleged.

36.    In answer to paragraph 36 of the Complaint, the School Board is without sufficient information to admit or deny the allegations contained therein and therefore denies the allegations in the manner and form alleged.

37.    In answer to paragraph 37 of the Complaint, the School Board admits that the mother of a student called Angelina Santus, a school counselor, and reported that Plaintiff told another student that she had been sexually assaulted at school.  The School Board denies any and all remaining allegations contained in paragraph 37 of the Complaint in the manner and form alleged.

38.    In answer to paragraph 38 of the Complaint, the School Board admits that Angelina Santus met with Plaintiff regarding the assault.  The School Board further admits that after Ms. Santus spoke with Plaintiff, the School Resource Officer met with the Plaintiff regarding the alleged assault.  The School Board denies any and all remaining allegations contained in paragraph 38 of the Complaint in the manner and form alleged.

39.     In answer to paragraph 39 of the Complaint, the School Board denies the allegations contained therein, and further avers that Plaintiff communicated to school employees that she did not cry, did not push the male student away, and denied that sexual intercourse occurred.  The School Board denies any and all remaining allegations contained in paragraph 39 of the Complaint in the manner and form alleged.

40.     In answer to paragraph 40 of the Complaint, the School Board denies the allegations contained in paragraph 40 of the Complaint in the manner and form alleged.

41.     In answer to paragraph 41 of the Complaint, the School Board admits that Principal Brunelle spoke with Plaintiff on November 30, 2018, and that Plaintiff showed a Snapchat message to Principal Brunelle.  The School Board denies any and all remaining allegations contained in paragraph 41 of the Complaint in the manner and form alleged.

42.     In answer to paragraph 42 of the Complaint, the School Board admits that Principal Brunelle took a photograph of the screenshot of the Snapchat message, but denies the remaining allegations contained in paragraph 42 of the Complaint in the manner and form alleged.

43.     In answer to paragraph 43 of the Complaint, the School Board admits that Principal Brunelle, Santus, and the School Resource Officer spoke with Plaintiff's parents on November 30, 2018.  The School Board avers that the School Resource Officer shared with Plaintiff's parents the information he learned from meeting with Plaintiff and explained the legal process moving forward.  The School Board avers that school employees informed Plaintiff's parents that there was video footage of Plaintiff meeting the male student on prior occasions in the stairwell but that there was no footage of the alleged assault and that Plaintiff's parents did

not ask to see the videos.  The School Board denies any and all remaining allegations contained in paragraph 43 of the Complaint in the manner and form alleged.

44.     In answer to paragraph 44 of the Complaint, the School Board avers that the Plaintiff merely asserts legal conclusions to which no response is required.

45.     In answer to paragraph 45 of the Complaint, the School Board admits that Principal Brunelle, Assistant Principal Gina Roth, Assistant Principal Kris Wimmer, and School Counselor Santus met with Plaintiff on December 3, 2018, as part of the investigation.  The School Board denies any and all remaining allegations contained in paragraph 45 of the Complaint in the manner and form alleged.

46.     In answer to paragraph 46 of the Complaint, the School Board denies the allegations contained therein and avers that Plaintiff communicated to school employees that she did not cry, did not tell the male student no, did not push him away, and denied that sexual intercourse occurred between her and the male student.  The School Board denies any and all remaining allegations contained in paragraph 46 of the Complaint in the manner and form alleged.

47.     In answer to paragraph 47 of the Complaint, the School Board admits that Principal Brunelle told Plaintiff that she had reviewed video footage of the September 4 and September 10, 2018 meetings between Plaintiff and the male student in the stairwell and that the footage from September 11, 2018 did not capture the alleged assault.  The videos were not shown to Plaintiff.  The School Board denies any and all remaining allegations contained in paragraph 47 of the Complaint in the manner and form alleged.

48.     In answer to paragraph 48 of the Complaint, the School Board admits that Principal Brunelle had a printed copy of the photograph that she took of the Snapchat message

between the male student and Plaintiff, but denies the remaining allegations contained therein in the manner and form alleged.

49.     In answer to paragraph 49 of the Complaint, the School Board denies the allegations contained therein.

50.     In answer to paragraph 50 of the Complaint, the School Board denies the allegations contained therein.

51.     In answer to paragraph 51 of the Complaint, the School Board admits that Plaintiff was suspended for 10 days for violating school policy after she skipped class on three occasions to meet a male student in the stairwell.   The School Board denies the remaining allegations contained in paragraph 51 of the Complaint in the manner and form alleged.

52.     In answer to paragraph 52 of the Complaint, the School Board admits that Principal Brunelle made the decision to suspend both Plaintiff and the male student for 10 days. The School Board denies the remaining allegations contained in paragraph 52 of the Complaint in the manner and form alleged.

53.     In answer to paragraph 53 of the Complaint, the School Board denies the allegations contained therein.

54.     In answer to paragraph 54 of the Complaint, the School Board denies the allegations contained therein in the manner and form alleged.

55.     In answer to paragraph 55 of the Complaint, the School Board denies the allegations contained therein.

56.     In answer to paragraph 56 of the Complaint, the School Board admits the allegations contained therein.

57.     In answer to paragraph 57 of the Complaint, the School Board denies the allegations contained therein.

58.     In answer to paragraph 58 of the Complaint, the School Board denies the allegations contained therein.

59.     In answer to paragraph 59 of the Complaint, the School Board denies the allegations contained therein in the manner and form alleged, and avers that Plaintiff declined the School Board's attempts in December of 2018 to modify her schedule so that she and the male student did not have class together.  The School Board denies any and all remaining allegations contained in paragraph 59 of the Complaint.

60.     In answer to paragraph 60 of the Complaint, the School Board denies the allegations contained therein and specifically denies that it mistreated Plaintiff.

61.     In answer to paragraph 61 of the Complaint, the School Board denies the allegations contained therein and specifically denies that it harassed or punished Plaintiff for reporting the alleged assault.

62.     In answer to paragraph 62 of the Complaint, the School Board denies the allegations contained therein in the manner and form alleged.  The School Board further avers that employees took steps to investigate any complaints of harassment that were brought to their attention.

63.     In answer to paragraph 63 of the Complaint, the School Board admits that a white female student reported that she had been sexually assaulted in the bathroom at the high school by the male student that Plaintiff alleges assaulted her.  The School Board denies the remaining allegations contained therein in the manner and form alleged.

64.     In answer to paragraph 64 of the Complaint, the School Board denies the allegations contained therein in the manner and form alleged.

65.     In answer to paragraph 65 of the Complaint, the School Board denies the allegations contained therein, but admits that the student who reported a sexual assault that occurred after school hours in February 2019 was not suspended from school.

66.     In answer to paragraph 66 of the Complaint, the School Board avers that, after the February 2019 alleged assault, the male student was removed from the school for the remainder of the school year and did not returned to William Monroe High School.  The School Board denies any and all remaining allegations contained in paragraph 66 in the manner and form alleged.

67.     In answer to paragraph 67 of the Complaint, the School Board avers that it investigated both Plaintiff and the other student's allegations of sexual assault.  The School Board denies any and all remaining allegations contained in paragraph 67 of the Complaint in the manner and form alleged.

68.     In answer to paragraph 68 of the Complaint, the School Board denies the allegations contained therein.

69.     In answer to paragraph 69 of the Complaint, the School Board denies that it refused to take appropriate action, mistreated Plaintiff or failed to provide her with an appropriate educational environment or interfere with her ability to attend school and perform her studies.  The School Board further avers that Plaintiff elected to attend classes at Piedmont Virginia Community College ("PVCC") during her senior year of high school, as part of Early College Scholars Program, whereby she would have attended classes through PVCC at the Giuseppe Center or online through Greene County Public Schools during her senior year instead

of in the William Monroe High School Building.  The School Board denies the remaining allegations contained in paragraph 69 of the Complaint in the manner and form alleged.

70.     In answer to paragraph 70 of the Complaint, the School Board admits that Plaintiff did not attend classes in the William Monroe High School Building after the end of her junior year, but continued to participate in the Early College Scholars Program during her senior year.  The School Board denies the remaining allegations contained in paragraph 70 of the Complaint.

71.     In answer to paragraph 71 of the Complaint, the School Board admits that Plaintiff did not attend classes in the William Monroe High School Building and continued to participate in the Early College Scholars Program during her senior year. The School Board denies the remaining allegations contained in paragraph 71 of the Complaint in the manner and form alleged.

72.     In answer to paragraph 72 of the Complaint, the School Board denies that it was deliberately indifferent to Plaintiff's allegation of sexual assault or that it retaliated against Plaintiff in any way.  The School Board is without sufficient information to admit or deny the remaining allegations contained in paragraph 72 of the Complaint and therefore denies them in the manner and form alleged.

73.     In answer to paragraph 73 of the Complaint, the School Board denies the allegations contained therein.

74.     In answer to paragraph 74 of the Complaint, the School Board denies the allegations contained therein.

75.     In answer to paragraph 75 of the Complaint, the School Board denies the allegations contained therein.

76.     In answer to paragraph 76 of the Complaint, the School Board avers that the allegations merely assert a legal conclusion to which no response is necessary.  To the extent a response is required, the School Board denies that Title IX or Title VI were violated and denies the remaining allegations in the manner and form alleged.

## V.     CLAIMS

### COUNT 1: VIOLATIONS OF TITLE IX (20 U.S.C. § 1681 et seq.)
### (Deliberate Indifference to Student-on-Student Sexual Harassment)

77.     The School Board incorporates by reference paragraphs 1 through 76 of this Answer as if fully set forth herein.

78.     In answer to paragraph 78 of the Complaint, the School Board avers that the allegations merely assert a legal conclusion to which no response is necessary.

79.     In answer to paragraph 79 of the Complaint, the School Board avers that the allegations merely assert a legal conclusion to which no response is necessary.

80.     In answer to paragraph 80 of the Complaint, the School Board avers that the allegations merely assert a legal conclusion to which no response is necessary.

81.     In answer to paragraph 81 of the Complaint, the School Board denies the allegations contained therein in the manner and form alleged.

82.     In answer to paragraph 82 of the Complaint, the School Board denies the allegations contained therein in the manner and form alleged.

83.     In answer to paragraph 83 of the Complaint, the School Board avers that the allegations merely assert a legal conclusion to which no response is necessary.

84.     The School Board admits that it had notice of the alleged sexual assault on November 30, 2018 and December 3, 2018, and that it took action to address those allegations.

The School Board denies any and all remaining allegations contained in paragraph 84 of the Complaint in the manner and form alleged.

85.     In answer to paragraph 85 of the Complaint, the School Board denies the allegations contained therein.

86.     In answer to paragraph 86 of the Complaint, the School Board denies the allegations contained therein.

87.     In answer to paragraph 87 of the Complaint, the School Board denies the allegations contained therein.

88.     In answer to paragraph 88 of the Complaint, the School Board denies the allegations contained therein.

89.     In answer to paragraph 89 of the Complaint, the School Board denies the allegations contained therein.

90.     In answer to paragraph 90 of the Complaint, the School Board denies the allegations contained therein.

91.     In answer to paragraph 91 of the Complaint, the School Board denies that it violated Title IX and further denies that Plaintiff is entitled to the relief requested or any relief.

**COUNT 2: VIOLATIONS OF TITLE IX (20 U.S.C. § 1681 et seq.)**
**(Sexual Harassment)**

92.     The School Board incorporates by reference paragraphs 1 through 91 of this Answer as if set forth fully herein.

93.     In answer to paragraph 93 of the Complaint, the School Board denies the allegations contained therein.

94.     In answer to paragraph 94 of the Complaint, the School Board denies the allegations contained therein in the manner and form alleged.

95.     In answer to paragraph 95 of the Complaint, the School Board denies the allegations contained therein.

96.     In answer to paragraph 96 of the Complaint, the School Board denies that it deprived Plaintiff of access to the educational opportunities and benefits provided by the school or that it harassed the Plaintiff.   The School Board further avers that Plaintiff continued to participate in the Early College Scholars Program during her senior year.   The School Board denies the remaining allegations contained in paragraph 96 of the Complaint.

97.     In answer to paragraph 97 of the Complaint, the School Board denies that it violated Title IX and further denies that Plaintiff is entitled to the relief requested or any relief.

### COUNT 3: VIOLATIONS OF TITLE IX (20 U.S.C. § 1681 et seq.)
### (Retaliation)

98.     The School Board incorporates by reference paragraphs 1 through 97 of this Answer as if set forth fully herein.

99.     In answer to paragraph 99 of the Complaint, the School Board avers that the allegations merely assert a legal conclusion to which no response is necessary.

100.     In answer to paragraph 100, the School Board admits the allegations contained therein.

101.     In answer to paragraph 101 of the Complaint, the School Board avers that the allegations merely assert a legal conclusion to which no response is necessary.

102.     In answer to paragraph 102 of the Complaint, the School Board avers that the allegations merely assert a legal conclusion to which no response is necessary.

103.     In answer to paragraph 103 of the Complaint, the School Board avers that the allegations merely assert a legal conclusion to which no response is necessary.

104.    In answer to paragraph 104 of the Complaint, the School Board avers that the allegations merely assert a legal conclusion to which no response is necessary.

105.    In answer to paragraph 105 of the Complaint, the School Board avers that the allegations merely assert a legal conclusion to which no response is necessary.

106.    In answer to paragraph 106 of the Complaint, the School Board denies the allegations contained therein.

107.    In answer to paragraph 107 of the Complaint, the School Board denies the allegations contained.

108.    In answer to paragraph 108 of the Complaint, the School Board denies the allegations contained therein.

109.    In answer to paragraph 109 of the Complaint, the School Board denies the allegations contained therein in the manner and form alleged.

110.    In answer to paragraph 110 of the Complaint, the School Board denies that it violated Title IX and further denies that Plaintiff is entitled to the relief requested or any relief.

**COUNT 4: VIOLATIONS OF TITLE VI (42 U.S.C. § 2000d et seq.)**
**(Race, Color, and/or National Origin Discrimination)**

111.    The School Board incorporates by reference paragraphs 1 through 110 of this Answer as if set forth fully herein.

112.    In answer to paragraph 112 of the Complaint, the School Board avers that the allegations merely assert a legal conclusion to which no response is necessary.

113.    In answer to paragraph 113 of the Complaint, the School Board admits the allegations contained therein.

114.    In answer to paragraph 114 of the Complaint, the School Board avers that the allegations merely assert a legal conclusion to which no response is necessary.

115.    In answer to paragraph 115 of the Complaint, the School Board denies the allegations contained therein, and specifically avers that it did investigate Plaintiff's report of sexual assault.

116.    In answer to paragraph 116 of the Complaint, the School Board denies the allegations contained therein, and specifically avers that it did investigate Plaintiff's report of sexual assault and altered Plaintiff's class schedule so that she was not in class with the male student.

117.    In answer to paragraph 117 of the Complaint, the School Board denies the allegations contained therein.  The School Board further avers that it investigated Plaintiff's allegations; that it suspended Plaintiff and the male student for 10 days for skipping class on three occasions, meeting in the stairwell, and engaging in inappropriate sexual conduct; that Plaintiff initially rejected the School Board's efforts to separate her and the male student; and that the School Board ultimately re-arranged Plaintiff's schedule so that she was not in class with the male student.

118.    In answer to paragraph 118 of the Complaint, the School Board denies the allegations contained therein.

119.    In answer to paragraph 119 of the Complaint, the School Board denies the allegations contained therein in the manner and form alleged, and avers that the Plaintiff and other female are not similarly situated.

120.    In answer to paragraph 120 of the Complaint, the School Board denies that it violated Title VI and further denies that Plaintiff is entitled to the relief requested or any relief.

**COUNT 4: VIOLATIONS OF TITLE VI (42 U.S.C. § 2000d et seq.)**
**(Race, Color, and/or National Origin Discrimination)**

121.    The School Board incorporates by reference paragraphs 1 through 120 of this Answer as if set forth fully herein.

122.    In answer to paragraph 122 of the Complaint, the School Board denies the allegations contained therein.

123.    In answer to paragraph 123 of the Complaint, the School Board denies the allegations contained therein in the manner and form alleged.

124.    In answer to paragraph 124 of the Complaint, the School Board denies the allegations contained therein.

125.    In answer to paragraph 125 of the Complaint, the School Board denies that it deprived Plaintiff of access to the educational opportunities and benefits provided by the school or that it harassed the Plaintiff.   The School Board further avers that Plaintiff continued to participate in the Early College Scholars Program during her senior year.   The School Board denies the remaining allegations contained in paragraph 125 of the Complaint.

126.    In answer to paragraph 126 of the Complaint, the School Board denies the allegations contained therein.

127.    In answer to paragraph 127 of the Complaint, the School Board denies the allegations contained therein and avers that the Plaintiff and other female student were not similarly situated.

128.    In answer to paragraph 128 of the Complaint, the School Board denies that it violated Title VI and further denies that Plaintiff is entitled to the relief requested or any relief.

## SPECIAL AND AFFIRMATIVE DEFENSES

129.    The School Board denies that Plaintiff is entitled to the relief requested in the Prayer for Relief, including in subparagraphs A-I.

130.    The School Board avers that Plaintiff has failed to state a cause of action upon which relief can be granted.  The School Board denies that Plaintiff was subjected to unlawful harassment, discrimination, or retaliation.

131.    The School Board avers that all actions were taken in good faith and based on legitimate nondiscriminatory and non-retaliatory reasons and were not solely or in part, based on any illegal, discriminatory, retaliatory or wrongful motives or consideration.

132.    The School Board denies that it is indebted to Plaintiff in the amount claimed or in any amount for the reasons stated or for any reason.

133.    The School Board denies all allegations not specifically admitted herein, including allegations in any unnumbered paragraphs.

134.    The School Board avers that Plaintiff failed to mitigate her damages.

135.    The School Board will rely on any and all properly provable defenses to this action which are revealed through investigation, discovery, or at trial and reserves the right to amend this Answer to the Complaint at any time.

WHEREFORE, for the forgoing reasons, Greene County School Board, by counsel, respectfully requests judgment in its favor and with its costs and attorney's fees expended herein.

**TRIAL BY JURY IS DEMANDED.**

**GREENE COUNTY SCHOOL BOARD**

By Counsel

s/Jeremy D. Capps
Jeremy D. Capps (VSB No. 43909)
Melissa Y. York (VSB No. 77493)
Counsel for Greene County School Board
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
jcapps@hccw.com
myork@hccw.com

# C E R T I F I C A T E

I hereby certify that on the 21st day of December, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Timothy Coffield, Esq. (VSB No. 83430)
> Coffield, PLC
> 106-F Melbourne Park Circle
> Charlottesville, VA 22901
> 434-218-3133 - Phone
> tc@coffieldlaw.com

s/Jeremy D. Capps
Jeremy D. Capps (VSB No. 43909)
Melissa Y. York (VSB No. 77493)
Counsel for Greene County School Board
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
jcapps@hccw.com
myork@hccw.com